UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| TERRANCE GODFREY, | ) | |
| | ) | |
| Plaintiff, | ) | 17-CV-1210 |
| | ) | |
| v. | ) | |
| | ) | |
| MICHAEL MELVIN, et al., | ) | |
| | ) | |
| Defendants. | | |

**OPINION**

**TOM SCHANZLE-HASKINS, U.S. Magistrate Judge.**

Plaintiff proceeds pro se from the Hutchinson Correctional Facility in Kansas on claims arising from incidents which occurred in the Pontiac Correctional Center. This order addresses most of the pending motions, the remainder of which will be ruled on by Judge Myerscough in a separate order.

**IT IS ORDERED:**

1)     Plaintiff's motions for the Court to try to recruit pro bono counsel are denied for the reasons stated in the 3/9/18 order. (d/e's 39, 60.)  Plaintiff still appears competent to proceed pro se. Further, Plaintiff has not attached any of his mental health records or set forth whether he has earned his G.E.D., any jobs he has had

inside or outside of prison, any classes he has taken in prison, or his litigation experience in state and federal court, as the Court directed in that order.

2) Plaintiff's motion to compel Defendants to provide initial disclosures is moot. (d/e 45.) Defendants have provided their initial disclosures. (d/e 47, 50.)

3) Plaintiff's motion for order to show cause (d/e 48) appears to be a motion to compel Defendants to fully comply with their disclosure and production requirements under the Scheduling Order. The motion is denied because Plaintiff does not explain how Defendants have not complied. **However, Defendants are directed to file notices of compliance by November 30, 2018, confirming that they have produced all information ordered by the Scheduling Order.**

4) Plaintiff's motions for a transfer to a different prison is moot. (d/e's 53, 54.) Plaintiff has been transferred from Pontiac Correctional Center to a prison in Kansas.

5) Plaintiff has filed a motion in which he appears to ask to exclude former Defendant Renzi as a witness because Plaintiff dismissed Renzi. The motion is denied. (d/e 52.) Nonparties, which

include former defendants, may be called as witnesses if they have relevant testimony.

6) Plaintiff's motion to subpoena inmate witnesses for trial is denied as premature. (d/e 55.) If this case survives summary judgment, then inmates in the IDOC with relevant testimony will testify by video. If inmates have been released, Plaintiff will be responsible for serving trial subpoenas on those witnesses with the required mileage and witness fees, unless the former inmates will voluntarily appear to testify.

7) Plaintiff's motion to grant the relief he requests in his motions to which Defendants filed no response is denied. (d/e 63.) If Defendants do not respond, then the Court rules on the merits of the motion assuming no objection by Defendants, but that does not mean the motion will be granted.

8) Plaintiff's motion to hold prison officials in his current prison in contempt for destroying some of Plaintiff's legal materials is denied. (d/e 70.) This case is limited to alleged incidents in the Pontiac Correctional Center.

9) Plaintiff's motion to order those prison officials in his current prison to provide mental health care is denied. (d/e 71.)

This case is limited to alleged incidents in the Pontiac Correctional Center.

**10) By November 30, 2018, defense counsel is directed to respond to Plaintiff's motion to compel Pontiac prison to forward four legal boxes (d/e 72).**

11) Judge Myerscough will rule in a separate order on the motion to clarify the claims in this case (d/e 49) and the motion for default (d/e 57). Discovery and dispositive motion deadlines remain stayed until that ruling.

12) Defendants' motion to extend the discovery and dispositive motion deadlines is moot. (d/e 61.)

**ENTERED: November 7, 2018**

**s/Tom Schanzle-Haskins**
TOM SCHANZLE-HASKINS
U.S. MAGISTRATE JUDGE
